William F. Monroe
vs.
Charles H. Gavitt
No. 63110

March 23, 1926

CAPOTOSTO, J. This case concerns a collision between a single truck electric car and a hearse at the corner of Valley street and Atwells avenue in the city of Providence, about 10 p. m. of February 17, 1925. The motorman on the electric car, Mr. Monroe, the plaintiff in this case, recovered a verdict of $1000.

In arguing his motion for a new trial, the defendant practically concedes liability but claims that the damages awarded are excessive.

Mr. Monroe's attitude on the witness stand was refreshing. His testimony was marked with an air of frankness and a desire not to exaggerate which is quite uncommon in negligence cases. Minimizing the extent and resulting effect of a few superficial cuts on his face, which he suffered from broken glass, the plaintiff's complaint was directed to the blow on his right side which he received by being thrown against the register standard. No bones were broken or fractured. The injured side was strapped at intervals of two or three weeks by Dr. Rounds at his office, where the plaintiff called for treatment. Mr. Monroe says that on extreme or sudden motion he still suffers some pain in the affected region, although Dr. Rounds could find nothing objectively and could ascertain no reason for complaining other than that in such cases pain does exist to a more or less degree for some time. The plaintiff further testified that his salary as motorman was $39.10 a week when he worked full time and that he was away from his work for three weeks after the accident. He also said that he thought he was taking a little more time off since than he did before he was injured. This he attributed to his in-

jury, although he frankly admitted that it might be due to his 61 years of life. Dr. Rounds testified that he had no actual account of his claim against the plaintiff for professional services but that his bill would not exceed $50. The actual loss of the plaintiff consists of three weeks' wages at $39.10 a week, or $117.30, and a doctor's bill not exceeding $50, making a total of $167.30. The plaintiff's suffering in the acute stage of the injury was not prolonged. The pain in his present condition is sporadic and temporary. The torture and agony which the plaintiff is said to have suffered and to now endure from time to time existed at the time of the trial more in the skilful argument of counsel than in the actual facts related in evidence. While the Court is disposed to construe every reasonable inference in the plaintiff's favor on account of his commendatory conduct on the witness stand, yet it can not go beyond the limits of permissive liberality in reviewing the damages awarded him by the verdict. The amount as fixed by the jury is excessive by at least $400.

Motion for new trial, both as to liability and damages. is hereby granted unless the plaintiff within four days after the filing of this rescript remits all of this verdict in excess of $600.

For plaintiff: Edward H. Ziegler and Charles A. Keeley.

For defendant: Voight & O'Neill.